LORRAINE R. HOBER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hober v. Commissioner
Docket No. 15235-82.
United States Tax Court
T.C. Memo 1984-491; 1984 Tax Ct. Memo LEXIS 184; 48 T.C.M. (CCH) 1121; T.C.M. (RIA) 84491; September 12, 1984. Roger O. Hober, (recognized specially for petitioner). Max K. Boyer, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION
*185 WILBUR, Judge: Respondent determined the following deficiency and additions to tax in petitioner's 1979 Federal income taxes: Additions to Tax
Deficiency
Sec. 6653(b) [1]
Sec. 6654
$4,101
$2,050
$171
The issues for decision are (1) whether payments received by petitioner's husband are taxable to petitioner, (2) whether petitioner is liable for the addition to tax for fraud under section 6653(b), and (3) whether petitioner is liable for the addition to tax for failure to pay estimated tax in accordance with section 6654. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided in Clearwater, Florida, when the filed the petition in this case. She did not file a federal income tax return for the calendar year 1979. In 1976, petitioner was employed at the Druid Hills Nursing Home. Sometime that year one of the patients at the nursing home, Mabel Back, moved into the home of petitioner and her husband, Roger *186 Hober, in order to receive nursing care services. Petitioner performed those services in 1977, 1978, and 1979. Vallie Whitaker, a relative of Mabel Back, issued monthly checks to Roger Hober in payment for the nursing services performed by petitioner. The sum of those checks in 1979 was $15,215. Petitioner was aware that her husband received checks in payment for the services she performed. The Hobers filed a joint Federal income tax return for 1976, in which they reported as income retitioner's wages from the Druid Hills Nursing Home, Inc., and Roger Hober's profits from a sprinkler maintenance business. Petitioner did not file a Federal income tax return for 1977, 1978, or 1979, nor did petitioner's husband report as income the payments received from Vallie Whitaker during those years. Petitioner was first contacted by respondent in 1978 with respect to her 1977 taxable year. A statutory notice of deficiency for 1977 was sent to petitioner on September 19, 1979. The deficiency determination was based upon unreported income received for services performed for mabel back. Likewise, a statutory notice of deficiency for her 1978 taxable year, again based in part upon payment *187 for services performed for Mabel Back, was sent to petitioner on July 25, 1980. Petitioner filed petitions with this Court with respect to both statutory notices of deficiency. On September 8, 1982, this Court issued an opinion in which respondent's determinations were upheld for both years. , affd. per order (11th Cir., July 7, 1983). The due date for filing petitioner's 1977 Federal tax return was April 15, 1980. Section 6072(a). Petitioner failed to file a return for that taxable year even though the due date was almost seven months after she received a statutory notice of deficiency for 1977. The instant case, which concerns only 1979, was tried on June 22, 1983, nine months after this Court upheld respondent's determinations with respect to 1977 and 1978. During the audit of this case, petitioner refused to cooperate with respondent's agent. In response to respondent's request for a written protect outlining petitioner's position, for example, petitioner submitted the following statement: Until an AGENT of . . . the Internal Revenue Service can explaine (sic) how an individual can place facts on a 1040 and *188 sign it without giving up his/her inaleinable (sic) rights or a grant of immunity is issued by the Internal revenue service (sic) a tax payer has the right to use the LAW OF THE LAND THE CONSTITUTION OF THE UNITED STATES OF AMERICA. Petitioner met further requests by respondent with similar tax protestor documents and statements, and refused to submit for examination by respondent any books of account or records with respect to the services pefformed for Mabel Back. The brief filed with the Court on behalf of petitioner was replete with abusive language directed at respondent, and consisted of frivolous arguments that petitioner is not a "person" or "employee" within the meaning of the Internal Revenue Code, and that this Court violated petitioner's constitutional rights by denying her a trial by jury. OPINION We must first decide whether payments received by petitioner's husband are taxable to petitioner. Petitioner bears the burden of proving by a preponderance of the evidence that respondent's determination is erroneous. Rule 142(a); . Petitioner does not deny that payments were made to her husband for services she *189 personally performed for Mabel Back. The essence of petitioner's argument is that because the payments were made to her husband, they do not constitute income to her. In addition, petitioner asserts that some of the services for which payments were made were performed by her husband. [2]
Section 61(a)(1) provides that for Federal income tax purposes the term "gross income" includes "compensation for services." It has long been settled that income is taxed to the person who earns it, .Consequently, if payments are made to petitioner's husband as compensation for services rendered by petitioner, such amounts are taxable to petitioner. [3]
*190 Petitioner argues, however, that a portion of the payments are allocable to services performed by her husband. The only credible evidence presented, however, indicated that the payments were made in exchange for Lorraine's services. Therefore, we are compelled to hold for respondent on this issue. The next issue for decision is whether petitioner is liable for the addition to tax for fraud under section 6653(b). Here the burden of proof lies with respondent, and is carried only by clear and convincing evidence that some part of the underpayment of tax required to be shown on a return was due to fraud. Section 7454(a); Rule 142(b); . The burden is met if it is shown that petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. . Whether a taxpayer's conduct is fraudulent is a question of fact which may be proven by circumstantial evidence. The taxpayer's entire course of conduct may be examined in this inquiry. , *191 affd. without published opinion ; . Petitioner testified at the trial in the instant case that she failed to file a tax return for 1979 because she believed the payments for Mabel Back's care were taxable to her husband. Petitioner was a professional woman who by virtue of intelligence, education, and experience knew better. During this testimony, she continued the same assertion although the trial occurred over nine months after this Court rejected petitioner's identical argument as to 1977 and 1978. See , affd. per order (11th Cir., July 7, 1983). Petitioner first learned that the Commissioner considered the payments taxable to her in September of 1979, almost seven months before the date prescribed for filing her 1979 Federal income tax return. Failure to file a return alone is not determinative of fraud; it may, however, reveal a taxpayer's fraudulent intent when considered in connection with other facts. ; . *192 In the instant case, petitioner's explanation for her failure to file is contradicted by the undisputed facts. The evidence is clear that she knew well in advance of the time for filing her 1979 return that respondent considered the income taxable to her. Moreover, she continued to maintain her contentions even after this court advised her that they lacked merit. Her refusal to provide information to respondent during the audit process, as well as her persistence in maintaining frivolous arguments are, in the context of this record, further evidence of fraud. Cf. . We found petitioner to be an intelligent woman who knew very well that she could not avoid taxes on her earnings by the simple expedient of having checks sent to her husband. She failed to file returns for all three years, and however much she may be given the benefit of the doubt in earlier years, the last year is in a different posture. She had no intention of paying taxes unless respondent discovered her failure to file and took all the necessary steps to secure payment. After careful consideration of the entire record herein, we conclude that respondent *193 has proven by clear and convincing evidence that the underpayment was due to fraud within the meaning of section 6653(b). No evidence was presented with respect to the addition to tax under section 6654. Accordingly, respondent's determination is upheld. Rule 142(a). Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. All references to "Rules" are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner has not argued that a portion of the payments were made solely for room and board and should therefore be allocated to her husband in accordance with his ownership interest in their home, and no evidence has been presented which would support such a holding.↩
3. On brief, petitioner cited various inapplicable sections of the Internal Revenue Code in support of her claim that she was not subject to income tax. These arguments are wholly without merit and deserve no further discussion. See , affd. .↩